FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEOFFREY L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:19-CV-3138-RMP <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Geoffrey L.[1], ECF No. 10, and the Commissioner of Social Security ("Commissioner"), ECF No. 11. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his claim for disability insurance benefits under Title XVI of the Social Security Act (the "Act").

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

*See* ECF No. 10 at 2. Having reviewed the parties' motions and the administrative record, the Court is fully informed. The Court grants in part Plaintiff's motion, denies the Commissioner's motion, and remands the matter to the agency for further proceedings.

## BACKGROUND

In 2012 the treatment that Plaintiff received for his diverticulitis resulted in development of Achilles tendonitis and residual neuropathy. AR 505, 574. He reported significant changes in his abilities following this incident, with pain and tingling interfering with his formerly active lifestyle. AR 607, 732. He also continued to experience issues with his diverticulitis, eventually undergoing a sigmoidectomy in May 2017. AR 732, 298-300. In response to his pain and changed social stressors, including the loss of his home and his lack of finances, he developed depression. AR 607-08, 750-52.

On May 19, 2016, Plaintiff filed an application for Title XVI disability benefits, alleging disability based on diverticulitis, Achilles tendon problems, neuropathy in his feet, and depression. AR 314-15. The claim was denied initially and upon reconsideration. AR 338-41, 343-45. Plaintiff had an initial hearing before ALJ Laura Valente on January 9, 2018, which was postponed in order for Plaintiff to retain a representative. AR 274-92. A second hearing was held on May 3, 2018 (AR 293-312), and on October 25, 2018, the ALJ denied Plaintiff's claim. AR 231-43.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

Plaintiff requested and was denied review by the Appeals Council, leaving the ALJ's decision as the final decision of the Commissioner. AR 1-5. Plaintiff now seeks judicial review of the Social Security Administration's disability determination.

*ALJ's Decision*

On October 25, 2018, the ALJ issued an unfavorable decision. AR 231-43. Applying the five-step evaluation process, Judge Valente found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since May 19, 2016, the application date. AR 234.

**Step two:** Plaintiff had the following severe impairments that were medically determinable and significantly limited his ability to perform basic work activities: gastrointestinal conditions, headaches, Achilles tendonitis, peripheral neuropathy, right knee tear, and affective disorder. *Id.*

**Step three:** The ALJ concluded that Plaintiff's impairments, considered singly and in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). AR 235-36.[2]

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 416.967(b), except for the following limitations: he can sit for six hours, and stand and

---

[2] The ALJ's decision appears in the record out of order, but all pages are present.

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

> walk for four hours combined; and he can occasionally push/pull with bilateral lower extremities for activities such as operating foot pedals. He can occasionally perform all postural activities except he can frequently stoop and climb ramps and stairs; he can balance unlimitedly; and he must avoid concentrated exposure to wetness, vibrations, pulmonary irritants and hazards, such as heights and dangerous moving machinery. He has sufficient concentration and pace for simple and routine tasks in two-hour increments with usual and customary breaks throughout an eight-hour workday.

AR 238. In determining Plaintiff's RFC, the ALJ found that his statements concerning the intensity, persistence and limiting effects of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

**Step four:** The ALJ found that Plaintiff was capable of performing his past relevant work as an election clerk. AR 241-4. The ALJ thus found Plaintiff had not been disabled within the meaning of the Social Security Act at any time since May 19, 2016, the application date. AR 242-43.

## LEGAL STANDARD

### A. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not

disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### B. Definition of Disability

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he is engaged in substantial gainful activities. If the claimant is

engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

economy in light of his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ err in her consideration of Plaintiff's mental impairments and their impact on his RFC by improperly weighing the opinion evidence?

//

//

//

//

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

## DISCUSSION

**1. Mental opinion evidence**

Plaintiff contends the ALJ erred in her assessment of his mental limitations, specifically with respect to his ability to interact with others and to maintain appropriate behavior in a work setting. ECF No. 10 at 3-11. Plaintiff claims the ALJ erred in her discussion of the opinions from Dr. Kouzes and Dr. Ford. *Id.*

The Commissioner argues the ALJ gave legally sufficient reasons for discounting Dr. Kouzes and Dr. Ford and formulated an RFC that is supported by substantial evidence. ECF No. 11 at 5-10.

When an examining doctor's opinion is contradicted by another opinion, an ALJ must articulate "specific and legitimate" reasons, supported by substantial evidence in the record, to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Plaintiff attended a consultative psychological exam with Dr. Kouzes for the Washington State Department of Social and Health Services in February 2016. AR 607-11. Dr. Kouzes diagnosed Plaintiff with an adjustment disorder with depressed

mood and assessed multiple mild and moderate limitations in work-related functions, and opined Plaintiff had a marked impairment in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 608-09.

The ALJ gave this opinion "less weight":

> Jan Kouzes, Ed.D., conducted a psychological evaluation on behalf of DSHS (4F). While she noted that the claimant's dysphoric mood may make it difficult for him to concentrate, focus, and maintain appropriate work behavior, her mental status exam findings were normal and she recommended the claimant could benefit from Division of Vocational Rehabilitation (DVR) services (4F4). During the evaluation, the claimant followed three-step instructions; recalled 3/3 objects correctly immediately and after five minutes; identified current events; and defined common idioms (4F5). He also followed the conversation, understood direction, and had normal comprehension and vocabulary. He also spelled "world" correctly forwards and backwards; and he demonstrated a correct digit span forwards of seven and backwards of six (4F5). Dr. Kouzes reviewed no treatment evidence or other records, and therefore had little understanding of the overall record on which to form an opinion.

AR 241.

Plaintiff attended a second consultative psychological exam in March 2018 with Dr. Amy Ford. AR 719-24. Dr. Ford diagnosed Plaintiff with major depressive disorder, insomnia, and a personality disorder not otherwise specified. AR 721. She assessed multiple mild and moderate limitations, along with a marked impairment in learning new tasks and severe impairment in performing within a schedule, maintaining regular attendance, being punctual within customary tolerances, and

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

completing a normal workweek without interruptions from psychologically based symptoms. AR 722.

The ALJ gave this opinion "less weight" as well:

> In March 2018, Dr. Amy Ford completed a DSHS psychological evaluation of the claimant and opined that the claimant was significantly limited in his ability to perform basic work functions, including a moderate limitation to ask simple questions and request assistance, and a severe limitation in completing a normal workday without interruptions due to symptoms (12F4). These opinions are inconsistent with her own mental status exam, which revealed normal thought process and content; orientation; perception; memory; fund of knowledge; concentration, abstract thought, and insight and judgment (12F5-6), as well as the claimant's treatment records, which generally demonstrate the same (*e.g.*, 13F6, 8, 11, 15, 19, 25, 28, 31; 15F4, 11, 25). Furthermore, consistent with the claimant's declination to engage in mental health treatment, he refused to complete a personality assessment inventory, a component of his psychological evaluation (12F4).

AR 241.

Plaintiff argues the ALJ relied on normal findings in the opinions that were not relevant to the conclusions, and asserts the reports document behaviors that support the assessed limitations. ECF No. 10 at 7. He further argues the opinions are supported by other evidence in the record, and that the cumulative evidence indicates Plaintiff would have difficulty interacting with others and maintaining appropriate behavior in the workplace. *Id.* at 11.

The Commissioner responds that the ALJ gave specific and legitimate reasons for discounting each of these opinions when she noted their inconsistency with the

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  individual exam findings and the objective evidence in the record as a whole. ECF

2  No. 11 at 8-9. The Commissioner additionally argues that substantial evidence

3  supports the RFC as formed by the ALJ, and that the Court should not reweigh the

4  evidence. *Id.* at 6-7, 9.

5        The Court finds the ALJ failed to give specific and legitimate reasons for

6  discounting these opinions. While an ALJ must consider an opinion's supportability

7  and consistency with the record, 20 C.F.R. § 416.927(c)(3)-(4), here the ALJ's

8  discussion omitted relevant findings. The ALJ stated Dr. Kouzes' mental status

9  exam findings were normal and that she recommended Plaintiff could benefit from

10 vocational assistance. AR 241. However, Dr. Kouzes' mental status exam findings

11 included notes of depressed mood and affect, and that his thought content was

12 helpless/hopeless, and consisted of somatic complaints and decreased self-worth.

13 AR 611. Her recommendation for vocational assistance was qualified as "when

14 suitable," implying that it was not suitable at the moment. AR 610. Therefore, the

15 ALJ's summary of her findings was incomplete. Similarly, the ALJ's discussion of

16 Dr. Ford's findings omitted her observations that Plaintiff had pressured speech,

17 spoke very rapidly and incessantly and had to be interrupted in order to be

18 questioned, was preoccupied with past injustices, at times got angry and raised his

19 voice in frustration, and presented as angry, severely depressed, and hopeless. AR

20 723. While both doctors also noted a number of normal findings, the normal findings

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1  do not negate the abnormal findings. Substantial evidence does not support the

2  ALJ's conclusion that the opinions are inconsistent with the exam findings.

3      The ALJ also found Dr. Kouzes had little understanding of the overall record

4  given she did not review other records, and found Dr. Ford's opinion was

5  inconsistent with the treatment records. AR 241. As with her summaries of the

6  exams, the ALJ's discussion of the record relating to Plaintiff's mental limitations

7  omitted numerous abnormal findings. AR 239-40. While an ALJ is not required to

8  discuss every treatment record and clearly must rely on examples to support their

9  findings, the examples an ALJ chooses "must *in fact* constitute examples of a

10  broader development." *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). The

11  ALJ's discussion of the record focused on the normal exam findings throughout, and

12  ommited reference to the records that found Plaintiff to be circumstantial, anxious,

13  dramatic, accusatory, difficult to redirect, anhedonic, hopeless, and fatalistic, and

14  presenting with suicidal ideation, pressured or disjointed speech, and perseverating

15  on his past medical treatment. AR 575, 628, 711, 732, 746, 749, 752, 754-55, 759-

16  60. The Court therefore finds the ALJ's implication that the record demonstrates

17  largely normal findings inconsistent with Dr. Ford and Dr. Kouzes' opinions is not

18  supported by substantial evidence.

19      On remand the ALJ will reconsider the medical opinion evidence along with

20  the record as a whole.

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

**2. Request for remand for benefits**

Generally, the appropriate course upon finding error in the Commissioner's determination of a claimant's application is to "remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal citation omitted). A court should take the exceptional step of remanding for an immediate award of benefits only where:

> (1) The ALJ has failed to provide legally sufficient reasons for rejecting. . .evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted). Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

In this case, the Court finds that further development is necessary for a proper determination to be made. Because of the ALJ's erroneous analysis of the psychological opinion evidence, questions persist regarding Plaintiff's degree of impairment throughout the relevant period. The Court does not find that the record as a whole compels a finding that Plaintiff is disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED IN PART** with respect to remand and **DENIED IN PART** with respect to remanding with instructions to credit any particular evidence as true and award benefits.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**. This District Court Clerk is directed to enter this Order, enter Judgment as outlined, provide copies to counsel, and **close** this case.

**DATED** June 18, 2020.

*s/Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court
